ARD et al., Appellants,

v.

FAWLEY et al., Appellees.

[Cite as *Ard v. Fawley* (1999), 135 Ohio App.3d 566.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–99–19.

Decided Nov. 5, 1999.

568

*Ben E. Espy,* for appellants.

*Robert H. Willard,* for appellees.

HADLEY, Judge.

The plaintiffs–appellants, Rex Anthony Ard and his son, Joshua Dean Ard, appeal from the judgment of the Crawford County Court of Common Pleas granting summary judgment in favor of the defendants–appellees, Frederick and Terry Fawley. For the following reasons, we affirm the judgment of the trial court.

This action arose out of an incident that occurred on July 13, 1996. At the time, Frederick and Terry Fawley were the owners of a home in Bucyrus, Ohio. The couple had two daughters, Lindsay, age fifteen, and Stacy, age seventeen. Christopher Fawley, age sixteen, was a guest of the Fawleys while his parents vacationed near Lake Erie. Christopher is the nephew of Frederick and Terry Fawley.

On the afternoon of July 13, 1996, Frederick, Terry, Lindsay, Stacy, and Christopher visited the Ards' home to celebrate Joshua's fifteenth birthday. Joshua is also the nephew of Frederick and Terry Fawley. Nick Ard, Joshua's cousin, was also present at the birthday party.

Later that evening, Christopher, along with Joshua and Nick, decided to leave the party and return to the Fawley residence, which was only a short distance away. It is undisputed that when the boys left the party, they had in their possession two BB guns, which had been taken from Joshua's bedroom. The parties dispute who took the guns from the bedroom and whether Joshua had acquiesced in or had taken part in doing so.

Upon arriving at the Fawley home, the boys proceeded to the backyard and began shooting the guns. Sometime shortly thereafter, Joshua was struck in the left eye by a shot fired from Christopher's gun. The parties dispute how the accident actually occurred. Nevertheless, as a result of the shot to his eye, Joshua has had to undergo multiple surgeries.

As a result of the injury, on July 11, 1997, Rex Ard filed a lawsuit upon Joshua's behalf. The lawsuit named Christopher, his parents, Val Joe and Christina Fawley, and Frederick and Terry Fawley as defendants. On October 15, Frederick and Terry filed a motion for summary judgment. On December 30, 1998, the trial court granted their motion for summary judgment. On June 21, 1999, Joshua and his father settled their claims against Christopher, Val Joe, and Christina Fawley.

The appellants now appeal, setting forth the following two assignments of error:

Assignment of Error No. I

"The trial court erred when it granted the motion of defendants Fred and Terry Fawley for summary judgment and adopting contested facts in favor of the moving party."

Assignment of Error No. II

"The trial court erred when it determined that plaintiff Josh Ard was not a social guest."

Appellants maintain that the trial court erred in finding that there were no genuine issues of material fact as to the relationship of the parties and whether the actions of Frederick and Terry Fawley violated a duty of care owed Joshua. We will address both of the appellants' assignments of error together, as the issues are intertwined.

In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388, 1389–1390. Accordingly, we apply the same standard for summary judgment as did the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

Summary judgment is proper when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196, 1201–1203. To make this showing, the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on one or more essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).

It is well settled that in order to establish actionable negligence, a plaintiff must show a duty, a breach of that duty, and an injury proximately resulting therefrom. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270. In cases of premises liability, the status of the person who enters upon the land of another defines the scope of the legal duty that the landowner owes the entrant. *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287, 291–292. The common law

traditionally recognized the following three forms of status with respect to one who enters on the land of another: (1) trespasser (2) licensee, and (3) invitee.

One who enters upon the land of another without invitation or permission purely for his own purposes or convenience is a trespasser. *McKinney v. Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St.3d 244, 246, 31 OBR 449, 450–451, 510 N.E.2d 386, 388–389. Ordinarily, a landowner owes no duty to undiscovered trespassers other than to refrain from injuring them by willful or wanton misconduct. *Elliott v. Nagy* (1986), 22 Ohio St.3d 58, 22 OBR 77, 488 N.E.2d 853.

Conversely, a licensee is "a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation." *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, 266, 551 N.E.2d 1257, 1258. Ordinarily, a landowner owes no duty to a licensee except to refrain from willful, wanton, or reckless conduct that is likely to injure him. *Gladon,* 75 Ohio St.3d at 317, 662 N.E.2d at 292–293. Willful conduct implies intent, purpose, or design to injure him. *Id.* at 319, 662 N.E.2d at 294. Wanton conduct involves the failure to exercise any care whatsoever toward those to whom he owes a duty of care, under circumstances in which there is great probability that harm will result. *Id.*

"A person is an 'invitee' on land of another if (1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and (3) there is a mutuality of benefit or benefit to the owner." Black's Law Dictionary (6 Ed.1991) 574. An owner or possessor of land owes a duty of ordinary care to his invitees. *Newton v. Pennsylvania Iron & Coal, Inc.* (1993), 85 Ohio App.3d 353, 619 N.E.2d 1081.

In *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453, the Supreme Court of Ohio placed social guests in a special classification and declared the duties owing to them to fall somewhere between those owed to licensees and invitees. *Durst v. Van Gundy* (1982), 8 Ohio App.3d 72, 74, 8 OBR 103, 105–106, 455 N.E.2d 1319, 1321–1322, citing *Scheibel,* 156 Ohio St. at 328–329, 46 O.O. at 186–187, 102 N.E.2d at 462–463. In order to be classified as a social guest, there must be evidence of an actual invitation the host extended to the guest, express or implied. *Williams v. Cook* (1999), 132 Ohio App.3d 444, 725 N.E.2d 339; *Starost v. Bradley* (Jan. 29, 1999), Montgomery App. No. 17319, unreported, 1999 WL 41897, citing *Scheibel,* 156 Ohio St. at 330, 46 O.O. at 187, 102 N.E.2d at 463–464. On the basis of that invitation, a social guest is thought to be on the premises presumably giving the possessor some personal benefit, intangible though it may be. *White v. Brinegar* (June 1, 1994), Summit App. No.

16429, unreported, 1994 WL 232692; *Hamm v. Heritage Professional Services, Inc.* (Apr. 9, 1993), Scioto App. No 92CA2082, unreported, 1993 WL 112566.

A host owes an invited social guest the following duty: "(1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition." *Scheibel* at paragraph three of the syllabus.

In granting the appellees' motion for summary judgment, the trial court below held that, as a matter of law, Joshua was not a social guest. The court further held that Joshua was "at most" a licensee, and that the duty owed to him as a licensee had not been breached. The appellants, however, now vehemently assert that genuine issues of material fact remain to be litigated upon these issues.

We have conducted a thorough review of the record in this case and find that the trial court was correct in granting summary judgment in favor of the appellees. Initially, we can find no evidence that Frederick or Terry Fawley extended to Joshua an actual express invitation to visit their premises on the afternoon of July 13, 1996. In fact, the record demonstrates that neither Terry nor Frederick had any knowledge that Joshua, Christopher, and Nick had left the party and were on their way to the Fawley residence.

The appellants, however, maintain that the status of social guest had been impliedly conferred upon Joshua because he had been a frequent visitor to the Fawley home, was a relative of the Fawleys, and had always enjoyed permission to visit the premises. We do not agree. In *Zenisek v. Haycook* (Jan. 27, 1994), Marion App. No. 9-93-39, unreported, 1994 WL 29861, this court rejected the contention that the past behavior and familial relationship of an individual were sufficient to confer social guest status upon him.[1] Therefore, the appellants' argument must fail.

In the alternative, the appellants maintain that Christopher Fawley, as an overnight guest of Frederick and Terry, had the power and authority to confer the status of a social guest upon Joshua because Christopher enjoyed the same rights and privileges as those conferred upon the Fawley children. Although Christopher Fawley's status was that of a social guest, we cannot say that he

---

1. We also note that earlier in the evening the Fawleys' own daughters, Stacy and Lindsay, along with two friends, had asked for and had been granted permission to leave the party and return home.

possessed the requisite power or authority to confer that status upon another. Moreover, there is no evidence in the record to establish that Christopher had the unfettered power or right to admit or exclude individuals from the Fawley premises.

Upon construing the above facts most favorably to the appellants, we find that the determination of Joshua's status on the property the day of the accident was not a genuine issue of material fact for the jury. Reasonable minds could not find that Joshua was a social guest under the circumstances presented herein.

In finding the above, we also conclude that no genuine issue of material fact remains to be litigated upon the issue of whether Frederick and Terry Fawley breached the corresponding duty of care owed to Joshua as a licensee. In particular, there is no evidence that Frederick or Terry's conduct toward Joshua, as a licensee, was willful, wanton, or reckless.

The evidence below also establishes that, unlike other cases establishing liability on the part of the landowner, in the present case the hazardous condition that caused the injury was brought onto the property of the landowners without their knowledge or consent. We are also mindful that upon receiving notice that the boys were shooting BB guns, both Frederick and Terry immediately left the party and returned home.

For all of the aforementioned reasons, we find that summary judgment was appropriate based upon the facts presented in the trial court below.

Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court. Accordingly, the appellants' assignments of error are not well taken and are overruled.

*Judgment affirmed.*

WALTERS and SHAW, JJ., concur.