OPINION
This appeal is taken from a decision of the Common Pleas Court of Mercer County entering summary judgment against Plaintiff-Appellant, Richard Sandrin, on his complaint for negligence arising from a fall from a ladder. Based upon our review of the arguments and the record presented, we affirm the judgment of the trial court.
Defendant-Appellee, Joseph Tobin, has been a tenant farmer on the property located at 4700 Coldwater Creek Road, Mercer County, Ohio, for more than thirty years. Defendant-Appellee, Robert Younger, is the owner of the farm. Although Younger shares in the crop profits, he does not participate in any of the daily farming activities.
Appellant first encountered Tobin several years ago when he asked for permission to enter the farm in order to hunt geese. Tobin eventually granted permission, and the two men have been friends ever since.
In July 1998, Appellant traveled from his home in Cincinnati to Mercer County in order to go fishing in waters close to the farm. He arrived on a Friday evening, and spent the night at Tobin's residence like he had on several prior occasions. The next afternoon, Tobin asked Appellant if he would do him a favor by checking on a hay loft in the dairy barn because he was worried that some of the hay bales may have been positioned in a potentially unsafe manner. Although the two began walking to the barn together, Tobin went back into the house shortly thereafter in order to retrieve his hat. Appellant kept walking toward the barn because he wanted to check on the hay bales quickly so the two men could proceed with their lunch plans.
As he entered the building, Appellant noticed two ways in which he could reach the top of the hay loft. Appellant had the choice of climbing up a series of wooden planks nailed directly to the wall, or using a moveable sixteen-foot wooden ladder that was leaning nearby. Appellant chose to climb up the moveable ladder, which was actually the top half of an extension ladder. As Appellant reached the top rung, the ladder skidded on the concrete floor and fell over. Appellant fell with the ladder, and sustained an injury to his right ankle so severe that doctors initially contemplated amputating his foot.
As a result of the accident, Appellant brought this lawsuit against Tobin and Younger by filing a complaint for negligence in the trial court on July 6, 1999. Both defendants answered the complaint denying all material allegations and asserting various defenses such as assumption of the risk. After a period of discovery, Younger filed a motion for summary judgment in January 2000; Tobin filed a similar motion approximately two months later. Although Appellant responded to both motions, the trial court agreed with the arguments advanced by Tobin and Younger and entered summary judgment in favor of both defendants by way of separate entries dated on October 19, 2000. Appellant then filed this appeal wherein he asserts two assignments of error.
 Assignment of Error I
The trial court erred to the prejudice of Appellants [sic] in granting summary judgment in favor of the Appellee Tobin.
An appellate court reviews the grant of summary judgment independently and without deference to the findings of the trial court. See Prest v.Delta Delta Delta Sorority (1996), 115 Ohio App.3d 712, 715. It is well established that summary judgment is only appropriate in cases where no genuine issue of material fact remains to be litigated and the movant is entitled to judgment as a matter of law. Civ.R. 56(C). After construing the evidence most strongly in favor of the nonmoving party, it must appear that reasonable minds can reach only one conclusion, which is adverse to the party opposing the motion. See, Id.; Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327.
To prevail on a claim for negligence, the plaintiff must demonstrate the existence of a duty of care on the part of the defendant, a breach of that duty, and injury proximately caused by the breach. See, e.g.,Mussivand v. David (1989), 45 Ohio St.3d 314, 318. "It logically follows that in the absence of a duty, no actionable negligence arises." Kranerv. Legg (June 29, 2000), Mercer App. No. 10-2000-04, unreported, appeal dismissed by (2000), 90 Ohio St.3d 1466. Generally, the degree of care owed to the plaintiff "depends upon the relationship between the parties and the forseeability of injury to someone in plaintiff's position." Cocov. Chi-Chi's, Inc. (Sept. 23, 1999) Franklin App. No. 98AP-1306, unreported, citing Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642.In disposing of this assignment of error, we will assume for the sake of argument only that the trial court was correct in its finding that Appellant could be classified as Tobin's social guest. The duties owed to a social guest "fall somewhere between those owed to licensees and invitees." Ard v. Fawley (1999), 135 Ohio App.3d 566,571. More specifically, the Supreme Court of Ohio has held that a host owes an invited social guest the following:
 (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.
Scheibel v. Lipton (1951), 156 Ohio St. 308, paragraph three of the syllabus [emphasis added]. From the foregoing, it is clear that Tobin was under no obligation to warn Appellant of an "open and obvious" danger. Cf., Lovell v. Hawks (June 28, 2000), Lorain App. No. 99CA007425, unreported. "The rationale behind the [open and obvious] doctrine is that the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measure to protect themselves." Anderson v. Ruoff (1995),100 Ohio App.3d 601, 604.
Although Appellant argues that use of the ladder in this case was not an "open and obvious" danger, we disagree. According to Appellant's deposition testimony, the ladder was placed at an angle on the smooth concrete floor and it was not secured to the wall or the floor in any manner. In addition, certain debris such as hay and manure was apparently scattered on the barn floor. We find that the risks inherent in climbing a moveable ladder under these circumstances are quite obvious. Cf., McMenamin v. Peterson (July 26, 1995), Richland App. No. 94CA91, unreported; Musa v. Musa (Dec. 10, 1996), Franklin App. No. 96APE07-831, unreported. Indeed, "any person of ordinary intelligence knows that an object placed on an angle on a smooth surface could slide * * *." McMenamin, at **2. Therefore, we find that Tobin did not owe a duty of care to Appellant.
Furthermore, even if we were to accept Appellant's argument that he should be regarded as a "frequenter" under R.C. 4101.11 and 4101.12, the so-called "safe place statutes," this would not alter our position. "It has been held that the duty owed to a frequenter is the same as that owed to an ordinary business invitee[.]" Kraner, supra, at **3. That is, the owner or occupier is obligated "to keep his premises in a reasonably safe condition and to give warnings of latent or concealed perils of which he has, or should have, knowledge." Westwood v. Thrifty Boy (1972),29 Ohio St.2d 84, 86-86 (citations omitted). This duty, however, is abrogated if the danger is "open and obvious". Kraner, at **3, citingSidle v. Humphrey (1968), 13 Ohio St.2d 45. As previously noted, we find that climbing the ladder under the circumstances presented by this case was an open and obvious hazard.
Accordingly, our independent review of the record leads us to conclude that Tobin did not owe a duty to Appellant due to the nature of the hazard involved herein. As such, we find that there is no genuine issue of material fact with respect to Appellant's claim of negligence, and that the trial court did not err in its ultimate determination to grant summary judgment in favor of Tobin.
Appellant's first assignment of error is overruled.
 Assignment of Error II
The trial court erred to the prejudice of Appellants [sic] in granting summary judgment in favor of Appellee Younger.
As the preceding discussion suggests, the common-law classifications of individuals under the laws of premises liability, i.e., business invitee, licensee, etc., determine, among other things, the duty of care that a tenant owes to persons who enter upon the rental property that is in that tenant's sole possession. See, also, Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 417. "However, with regard to areas within the exclusive possession of a tenant, the common-law classifications do not affect the legal duty that a landlord
owes a tenant or others lawfully upon the leased premises." Id. In these cases, it has been established that the landlord "owes the same duties to persons lawfully upon the leased premises as a landlord owes to the tenant." Id. at the syllabus.
The general rule is that a landlord owes no legal duties to a tenant.Id. at 417. Notwithstanding, there are a number of recognized exceptions to this immunity. Id. at 418. "Some of the commonly accepted exceptions that give rise to landlord liability include the following: concealment or failure to disclose known, non-obvious latent defects; defective premises held open for public use; defective areas under the landlord's control; failure to perform a covenant to repair; breach of a statutory duty; and negligent performance of a contractual or statutory duty to repair." Id.
In the case at hand, it is undisputed that the farm property has been in the exclusive possession of Tobin for more than thirty years. Thus, in order for this incident to give rise to Younger's liability as the landlord, a recognized exception to the foregoing immunity rule must apply.
Our review of the record indicates that none of the exceptions exist in this case. Younger does not participate in any way in the daily activities that occur on the property. Younger does not own any of the equipment used on the farm; he merely holds title to the land and the buildings. As such, Younger had absolutely no knowledge of the methods used to climb up to the hayloft located in the dairy barn. Indeed, Appellant even admitted in his deposition testimony that he did not think Younger was at fault for the accident.
Based upon the foregoing, Appellant's second assignment of error is wholly without merit and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.