OPINION
Plaintiff-appellant Debra Hall, executrix of the estate of Leonard Hall, appeals the decision of Mahoning County Common Pleas Court granting defendant-appellee Brett Patton's motion for summary judgment. This court is asked to decide whether the owner of a firearm owes a duty of care to prevent children from gaining access to that weapon and, if so, whether the specific injury complained of was reasonably forseeable. For the reason stated below, the decision of the trial court is hereby reversed and this cause is remanded for further proceedings consistent with this opinion.
 FACTS
Twenty-nine year old Brett Patton owned a semiautomatic gun which he kept in his bedroom in the house he was living in with his mother, Barbara Patton. Daniel Watson, Brett's 11 year old cousin, took the loaded semiautomatic gun from Brett's closest. (D. Watson Depo. 13).
Daniel lived a few houses down the street from Brett. However, Daniel and his older brother Edward Watson, fifteen years old, frequently went to the Patton house and watched TV in a room adjacent to Brett's bedroom.
Daniel had gone to Brett's house that day for the specific purpose of finding and taking a gun. (D. Watson Depo. 8, 18). Daniel had previously seen a gun in Brett's bedroom in a box. (D. Watson Depo. 35). However, Brett had no knowledge that Daniel knew he had a gun. (D. Watson Depo. 13; Brett Patton Depo. 19). The gun was loaded and hidden in a box in Brett's closest. (D. Watson Depo. 36). The box was under some clothes. (D. Watson Depo. 36). Daniel had to actively look around the room to find the gun. (D. Watson Depo. 36). Once he found the gun, Daniel hid the gun in his pants and left the house.
Daniel took the loaded gun home and showed it to his older brother Edward. (D. Watson Depo. 21; E. Watson Depo. 18). They hid the gun from their mother. (D. Watson Depo. 19; E. Watson Depo. 21). During the time they had the gun, they removed the clip numerous times and cleaned the gun. (E. Watson Depo. 29).
Roughly two weeks after Daniel took the gun from Brett's closet, Leonard Hall was shot with the gun and died as a result of the gunshot wound. Leonard Hall was Edward and Daniel's cousin. Leonard was 10 years old. Earlier that day Edward, his friend Chuckie, and Leonard had handled the gun. (E. Watson Depo. 44, 52). They had dry fired it while the clip was removed. (E. Watson Depo. 52). After they had finished playing with the gun, Edward took the gun, placed the clip back in it and hid it. (E. Watson Depo. 54). Daniel and Leonard left the house for a couple hours, when they returned home, Edward removed the clip again. (E. Watson Depo. 58). Leonard asked to see the gun. (E. Watson Depo. 22). Edward handed him the gun and the gun fired killing Leonard. (E. Watson Depo. 22).
Debra Hall, Leonard's mother, brought a wrongful death action against Edward, Sandra Watson (Edward's mother), Brett and Barbara Patton (Brett's mother). Brett filed a motion for summary judgment. The trial court granted the motion. This timely appeal followed.
 STANDARD OF REVIEW
An appellate court reviews a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102. Summary judgment is properly granted when: 1) no genuine issue as to any material fact exists; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can only come to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The evidence must be viewed in the light most favorable to the nonmoving party. Id.
 ASSIGNMENT OF ERROR
Hall's single assignment of error contends:
 "THE TRIAL COURT COMMITTED ERROR IN ENTERING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE."
In order to establish actionable negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. Cincinnati v. Beretta U.S.A. Corp. (Aug. 11, 2000), 1st Dist. Nos. C-990729, C-990814, C-990815; 2001 Ohio Lexis 3236 (currently pending before the Supreme Court). Hall argues two claims under this assignment of error. First, Hall claims that Brett owed a duty to exercise care to prevent his teenage cousins from gaining unauthorized access to the firearm. Secondly, Hall argues that the negligent homicide committed by Edward was one which was clearly foreseeable to flow from the original negligent act of Brett in permitting his minor cousins to gain access to his loaded pistol. Each of these claims will be addressed separately.
 DUTY
The owner of a gun should not be held absolutely liable for any injury that occurs when he permits or leaves the firearm accessible to children. Bilicic v. Brake (1989), 64 Ohio App.3d 304, 309; Nearor v.Davis (1997), 118 Ohio App.3d 806, 813. Therefore, a duty must exist before a person can be liable. Generally, existence of a duty is a question of law for a court to determine. Mussivand v. David (1989),45 Ohio St.3d 314, 318. Under Ohio law, foreseeability alone is not enough to create a duty to prevent a third person from causing harm to another. Simpson v. Big Bear Stores Co. (1995), 73 Ohio St.3d 130, 134. A special relationship must exist between the parties to create a duty. Id.; Cincinnati, 1st Dist. Nos. C-990729, C-990814, C-990815.
The Ohio Supreme Court cited with approval Section 315 of the Restatement of the Law 2d, Torts (1965), which provides:
 "`There is no duty to control the conduct of a third person as to prevent him from causing physical harm to another unless:
 "`(a) a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
 "`(b) a special relationship exists between the actor and the other which gives to the other a right to protection.'" Gelbman v. Second Natl. Bank of Warren
(1984), 9 Ohio St.3d 77, 79.
Relationships that may give rise to a duty to control a third person's conduct include the following: (1) parent and child; (2) master and servant; and (3) custodian and person with dangerous propensities.Cincinnati, 1st Dist. Nos. C-990729, C-990814, C-990815, citing Restatement of the Law 2d, Torts, Sections 316 through 319. Relationships that result in a duty to protect others include the following: (1) common carrier and passengers; (2) innkeeper and guests; (3) possessor of land and invitee; (4) custodian and person taken into custody; and (5) employer and employee. Cincinnati, 1st Dist. Nos. C-990729, C-990814, C-990815, citing Restatement of Law 2d, Torts, Sections 314(A), 314(B) and 320. These relationships reflect some type of control over the third person or the premises involved. Id. Therefore, the question turns on whether a special relationship existed between Brett and Daniel or Leonard.
Brett owed Daniel/Leonard the duty to protect them from his property. Courts have applied premise liability in situations where a child has removed explosives from the property of another and injured himself/herself with the explosives. Bridges v. Dahl (1939), 108 F.2d 228; 10 ALR 2d 22, § 12-13, 40-41. The rationale behind the application of premise liability is that to say as a matter of law that the removal of a dangerous condition from the premises destroys the duty/causation elements would be entirely ignoring the duty resting on appellant to exercise reasonable care. Id. In cases of premises liability, the status of a person who enters upon the land of another defines the scope of the legal duty that the landowner owes the entrant. Gladon v. GreaterCleveland Regional Transit. Auth. (1996), 75 Ohio St.3d 312, 315. There are four forms of status with respect to one who enters on the land of another: (1) trespasser; (2) licensee; (3) invitee; and (4) social guest. Ard v. Fawley (1999), 135 Ohio App.3d 566, 570-571.
A trespasser is one who enters upon the land of another without invitation or permission purely for his own purposes or convenience.McKinney v. Hartz Restle Realtors, Inc. (1987), 31 Ohio St.3d 244,246. In the situation of children trespassers, Ohio has followed the Restatement of Law Duty for Artificial Conditions Highly Dangerous to Trespassing Children. Bennett v. Stanley (2001), 92 Ohio St.3d 35. The Restatement states:
 "A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
 "(a) the place where the condition exists is one upon which the possessor knows or has reason to know that the children are likely to trespass, and
 "(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
 "(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
 "(d) the utility to the possessor of maintaining the conditions and the burden of eliminating the danger are slight as compared with the risk to children involved, and
 "(e) possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." Id.
A licensee is a person who enters the land of another by permission for his own pleasure or benefit and not by invitation. Provencher v. OhioDept. of Transp. (1990), 49 Ohio St.3d 265, 266. The landowner in this situation owes a duty to refrain from willful, wanton, or reckless conduct that is likely to injure the licensee. Gladon,75 Ohio St.3d at 317.
An invitee is a person who enters the land of another by invitation, the invitee's entrance is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and there is a mutuality of benefit or benefit to the owner. Ard,135 Ohio App.3d at 571. The owner or possessor of the land owes a duty of ordinary care to his invitees. Newton v. Pennsylvania Iron Coal Inc. (1993),85 Ohio App.3d 353.
A social guest is a person who enters the land of another under an actual invitation extended by the host. Williams v. Cook (1999),132 Ohio App.3d 444. On the basis of that invitation, a social guest is thought to be on the premises presumably giving the possessor some personal benefit, intangible though it may be. White v. Brinegar (June 1, 1994), 9th Dist. No. 16429. The duty owed to a social guest is to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premise and to warn the guest of any condition of the premise which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous if the host has reason to believe that the guest does not know and will not discover such dangerous condition. Scheibel v. Lipton (1951), 156 Ohio St. 308.
Here, Daniel was either a social guest or a trespasser in regards to Brett. The depositions reveal that Daniel was invited to watch TV at the Patton house. However, there is also testimony that Daniel was told to stay out of Brett's room. Even if Daniel was told to stay out of Brett's room, a question of facts exists as to whether Brett could reasonably know that his room was a place Daniel/Edward would trespass. Accordingly, a jury question exists as to which category Daniel falls under.
Having satisfied the first prong of potential liability for summary judgment purposes, we may now address the question of whether the injury was foreseeable. Brett argues that even if a special relationship existed, it was not foreseeable that Edward would accidently kill Leonard.
 "[I]n order to establish proximate cause, foreseeability must be found. In determining whether an intervening cause `breaks the casual connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence. If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.'" Pavlides v. Niles Gun Show, Inc. (1994), 93 Ohio App.3d 46, 54, quoting Mussivand v. David
(1989), 45 Ohio St.3d 314, 321.
Where the original negligence of the defendant is followed by the independent act of a third person which directly results in injurious consequences to plaintiff, defendant's earlier negligence may be found to be a proximate cause of those injurious consequences if, according to human experience and in the natural and ordinary course of events, defendant could reasonably have foreseen that the intervening act was likely to happen. Taylor v. Webster (1967), 12 Ohio St.2d 53, 56. Foreseeability is defined as "[t]he quality of being reasonably anticipatable." Black's Law Dictionary (7 Ed. 1999) 660. The test for foreseeability is, "whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the original negligent actor." Bleh v.Biro Mfg. Co. (2001), 142 Ohio App.3d 434, 441.
In Pavlides, the Ohio Supreme Court stated that causation was a matter best left to the trier of fact in determining whether the acts of the third party could have been anticipated. Id. at 54. Proximate cause of an injury is typically an issue for the jury to decide. Norris v. OhioStandard Oil Co. (1982), 70 Ohio St.2d 1, 7. The jury is in the best position to determine whether Brett leaving his gun in a closed, but unlocked ammunition box in his open closest and hidden under some clothes could have anticipated that one of the children who frequented his home would handle the gun and cause injury or death.
 C. BREACH
Additionally, Brett argues that even if there is a duty, he did not breach that duty. Whether a breach of duty, a person acted as a reasonably prudent person in that situation, is a question for the trier of fact. Commerce Industry Ins. Co. v. Toledo (1989), 45 Ohio St.3d 96. It is not a question of law for the court. Id. Therefore, whether hiding the gun under envelopes in a closed box in a closet under clothes is a breach of Brett's duty to protect children entering his room is a question for the jury.
For the foregoing reasons, the decision of the trial court is hereby reversed and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
Donofrio, J., and Waite, J., concur.