OPINION
{¶ 1} Plaintiff-appellant, Larry Estill, appeals from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 56(C) summary judgment motion of defendants-appellees, Ryan Waltz, Katy Waltz, and Kristie Waltz.
{¶ 2} Defendant Ryan Waltz is the son of defendant Kristie Waltz and the brother of defendant Katy Waltz. On January 16, 1999, the three defendants resided in a home owned by Kristie. According to evidentiary materials plaintiff submitted to the trial court, plaintiff went to the home of the defendants on that day to renew his friendship with Ryan, and to give a present to Ryan's sick child. At one time, plaintiff and Ryan had been friends.
{¶ 3} Katy was not home at the time, and Kristie was just leaving for work when plaintiff arrived. Plaintiff briefly spoke with Kristie in the driveway of the home, and Kristie told plaintiff that "Ryan Waltz did not want to see [plaintiff] now, but might change his mind anytime." (Plaintiff's affidavit concerning Kristie Waltz, ¶ 11.) Plaintiff nevertheless approached the porch of the home to talk with Ryan, and Ryan asked plaintiff to leave. Plaintiff raised his hand toward Ryan, and in response Ryan struck plaintiff on the head with his hand that held a portable telephone. The parties do not dispute that plaintiff raised his hand intending to offer Ryan a handshake, but Ryan mistakenly believed plaintiff's action was a hostile gesture. Plaintiff allegedly suffered bodily injury to his head, neck and shoulders as a result of the incident.
{¶ 4} Following the incident, plaintiff filed a criminal assault charge against Ryan; Ryan pleaded no contest to a lesser charge of disorderly conduct and was assessed a fine. Plaintiff additionally sought, and was awarded, reparations from the Ohio Attorney General Victims of Crime Unit in the amount of $11,627.15 for his medical expenses and lost wages.
{¶ 5} On January 16, 2001, plaintiff filed a civil action against the three defendants, alleging: (1) Ryan's striking plaintiff was a negligent act done in self-defense based on Ryan's mistaken belief that plaintiff's gesture toward Ryan was hostile in nature, and (2) under a premises liability theory, defendants Katy and Kristie negligently failed to warn plaintiff of Ryan's potential danger to plaintiff. Defendants each subsequently moved for summary judgment on plaintiff's claims, filing affidavits in support of their respective motions. Plaintiff filed memoranda and affidavits contra each of defendants' summary judgment motions.
{¶ 6} The trial court found no material issues of fact and granted summary judgment to each of the defendants on December 10, 2001. The court concluded Ryan's undisputed act of striking plaintiff in the face, although done in apparent self-defense, established a cause of action in battery, not negligence, and thus is subject to the one-year statute of limitations for assault and battery. Because plaintiff's claim against Ryan was not brought within one year from the date of the battery on January 16, 1999, the court found plaintiff's claim against Ryan to be time-barred.
{¶ 7} The trial court further concluded plaintiff failed to establish that Katy or Kristie breached a legal duty to warn plaintiff of potential danger from Ryan. Specifically, the court determined plaintiff failed to produce any evidence to establish a legal duty Katy owed to plaintiff under a premises liability theory, as Katy undisputedly was not the owner of the premises where the incident occurred, and she had no knowledge plaintiff was or intended to be on the premises on the day of the incident. Next, the trial court concluded plaintiff failed to present any evidence that his status on the Waltz premises was other than that of a licensee, and further failed to show that either Katy or Kristie breached any duty owed to plaintiff as a licensee. Lastly, the court determined plaintiff presented no evidence Kristie knew of any violent propensity of Ryan, or knew or should have known that Ryan would mistake plaintiff's actions as hostile and react in self-defense.
{¶ 8} Plaintiff appeals, assigning the following errors:
{¶ 9} "I. The trial court erred, as to defendant Ryan Waltz's issues, by improperly dismissing a timely filed negligent tort claim after incorrectly holding that the cause of action lies in the tort of battery.
{¶ 10} "II. The trial court applied the incorrect statute of limitations to defendant Ryan Waltz's negligence issues, such that his dismissal as party, and other than on the merits, was in error.
{¶ 11} "III. The trial court erred in granting summary judgments, and in construing the disputed facts in favor of the moving party defendants, when reasonable minds could differ and come to conclusions favorable to the non-moving party, plaintiff.
{¶ 12} "IV. The trial [court] erred in determining the legal status of plaintiff (upon the property of defendants) prior to determining the necessary facts (and which were clearly disputed jury questions).
{¶ 13} "V. The trial court erred in holding that undisputed self defense acts constitute the tort of battery and failed to recognize that self defense is a claim of right which generally excuses and negates tortious assault or battery conduct by removing the elements of intent to harm necessary for those intentional torts.
{¶ 14} "VI. The trial court erred in failing to recognize that self defense claims made in a good faith but erroneous belief of necessity can constitute negligence.
{¶ 15} "VII. The trial court failed to recognize that the tortious intent to harm necessary for battery is different from an intent to act, which can result in negligence.
{¶ 16} "VIII. The trial court failed to recognize that acts of a defendant which arguably cause another codefendant to act negligently can demonstrate breach of a legal duty and raise jury questions of fact.
{¶ 17} "IX. The court erred in failing to recognize that the behavior of all defendants clearly involved relevant disputed facts, and which would determine the issue of notice of plaintiff (i.e., was he allowed and/or invited to see Ryan Waltz?) such that summary judgment was thus improper."
{¶ 18} In reviewing the trial court's ruling on summary judgment, we conduct an independent review of the record and stand in the shoes of the trial court. Motorists Mut. Ins. Co. v. Natl. Dairy Herd Improvement Assn. (2001), 141 Ohio App.3d 269, 275. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
{¶ 19} Plaintiff's assignments of error one, two, five, six, and seven resolve to whether the trial court erred in finding that Ryan's action in striking plaintiff was not negligence, but a battery, and therefore subject to the one-year statute of limitations in R.C. 2305.111
for assault and battery.
{¶ 20} A person is subject to liability for battery when the person acts intending to cause a harmful or offensive contact and a harmful contact results. Love v. City of Port Clinton (1988),37 Ohio St.3d 98, 99, citing Restatement of the Law 2d, Torts (1965) 25, Section 13; Feeney v. Eshack (1998), 129 Ohio App.3d 489, 492-493. A person need not intend the harmful result; to intend the offensive contact that causes the injury is sufficient. Id. Pursuant to R.C. 2305.111, an action for assault or battery must be brought within one year after the cause of action accrues. An action for assault and battery accrues upon the date on which the alleged assault or battery occurred. R.C. 2305.111. An action for bodily injury resulting from negligence has a two-year statute of limitations pursuant to R.C. 2305.10. Thus, if R.C. 2305.111
applies, plaintiff's cause of action against Ryan is barred; if R.C. 2305.10
applies, the cause of action is not precluded by the limitations period.
{¶ 21} "`[I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial.'" Love, supra, quoting Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183. Thus,"[w]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence. To hold otherwise would defeat the assault and battery statute of limitations. Nearly any assault and battery can be pled as a claim in negligence." Id. at 99. See, also, Feeney at 492-493.
{¶ 22} Plaintiff attempts to circumvent the principle explained in Love by alleging that Ryan's striking him in the head, although intentional, was done in self-defense based on Ryan's mistaken belief that plaintiff's gesture toward him was hostile in nature. Plaintiff contends Ryan's action therefore constitutes an act of negligence for which the two-year statute of limitations applies.
{¶ 23} Contrary to plaintiff's assertions, whether Ryan's act of striking plaintiff in the head was done in mistaken self-defense does not alter the essential character of Ryan's action as an intentional offensive touching. Self-defense can be asserted if a person has reasonable grounds and an honest belief, even though mistaken, that he or she was in immediate danger of bodily harm. See State v. Williford (1990), 49 Ohio St.3d 247; State v. Streight (Feb. 14, 2000), Auglaize App. No. 2-01-23. Thus, included within "self-defense" is the premise that a person may be "mistaken" as to the belief that he or she is in immediate danger of bodily harm, as is apparently the case here.
{¶ 24} "Self-defense presumes intentional, willful use of force to repel force or escape force." State v. Champion (1924), 109 Ohio St. 281,286-287. In accord, State v. Kroesen (Nov. 16, 2000), Franklin App. No. 00AP-48; State v. Washington (Nov. 9, 1999), Franklin App. No. 98AP-1489. A person claiming self-defense concedes that he or she intended to commit the act, but asserts he or she was justified in doing so. State v. Barnd (1993), 85 Ohio App.3d 254, 260; Kroesen, supra; Washington, supra. Thus, the fact that Ryan struck plaintiff in the head in apparent self-defense, based on Ryan's allegedly mistaken belief that plaintiff's gesture toward him was hostile, may justify Ryan's intentional use of force against plaintiff, but it does not transform Ryan's act from an intentional to a negligent act. The essential character of the underlying tort as an intentional, willful use of force constituting a battery remains unchanged. Champion; Barnd. See Love at 100.
{¶ 25} Because the true nature of Ryan's act of striking plaintiff's head is an intentional tort of battery, not negligence, the one-year statute of limitations set forth in R.C. 2305.111 governs. The trial court did not err in concluding plaintiff's cause of action against Ryan is barred because it was filed on January 16, 2001, outside the statutory one-year time limit from the date the incident occurred, January 16, 1999. Plaintiff's assignments of error one, two, five, six and seven are overruled.
{¶ 26} In his remaining assignments of error, three, four, eight, and nine, plaintiff asserts the trial court erred in granting summary judgment to Kristie and Katy because genuine issues of material fact exist regarding plaintiff's legal status on the Waltz property on the day of the incident, and specifically whether he was a trespasser, licensee, business invitee, or invited social guest. Plaintiff contends the trial court erroneously failed to construe in favor of plaintiff, as the nonmoving party, the facts that support plaintiff's assertion he was permitted on the property, and perhaps invited as a social guest. Plaintiff argues that until a jury decides the dispute regarding plaintiff's status on the Waltz property, both the legal duty Katy and Kristie owed to plaintiff, and their possible breach of that duty, cannot be decided.
{¶ 27} To maintain a negligence action against Katy or Kristie, plaintiff must establish the existence of a legal duty the respective defendants owed to plaintiff. Estates of Morgan v. Fairfield Family Counseling Ctr. (1997), 77 Ohio St.3d 284, 293; Feichtner v. Ohio Dept. of Transp. (1995), 114 Ohio App.3d 346, 357-358. Further, for liability for negligence to have accrued, defendants must have breached a duty they owed to plaintiff. Strother v. Hutchinson (1981), 67 Ohio St.2d 282,285.
{¶ 28} In general, absent some special relationship, there is no duty to act affirmatively for the protection of another person or to prevent a third person from causing harm to another person. Mullens v. Binsky (1998), 130 Ohio App.3d 64, 71; Feichtner at 358. In a negligence action involving premises liability, as here, the status of a person who enters upon the land of another determines the scope of legal duty owed to him. Gladon v. Greater Cleveland Regional Transit. Auth. (1996),75 Ohio St.3d 312, 315; Mullens at 69. The common law traditionally recognized three possible categories for a person who enters onto the land of another: (1) trespasser, (2) licensee, or (3) invitee. Gladon, supra; Ard v. Fawley (1999), 135 Ohio App.3d 566, 570-571. Ard defined the three classifications as follows:
{¶ 29} "One who enters upon the land of another without invitation or permission purely for his own purposes or convenience is a trespasser. Ordinarily, a landowner owes no duty to undiscovered trespassers other than to refrain from injuring them by willful or wanton misconduct.
{¶ 30} "Conversely, a licensee is a `person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation.' Ordinarily, a landowner owes no duty to a licensee except to refrain from willful, wanton, or reckless conduct that is likely to injure him. Willful conduct implies intent, purpose, or design to injure him. Wanton conduct involves the failure to exercise any care whatsoever toward those to whom he owes a duty of care, under circumstances in which there is great probability that harm will result.
{¶ 31} "`A person is an "invitee" on land of another if (1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and (3) there is a mutuality of benefit or benefit to the owner.' An owner or possessor of land owes a duty of ordinary care to his invitees." Id. at 571. (Citations omitted.)
{¶ 32} In addition to the traditionally recognized classifications, in Scheibel v. Lipton (1951), 156 Ohio St. 308, the Ohio Supreme Court acknowledged "social guests" as a fourth classification. To be classified as a social guest, the evidence must show the host extended to the guest an actual invitation, express or implied. Ard, supra, citing Williams v. Cook (1999), 132 Ohio App.3d 444, 449. See, also, Scheibel at 330. Moreover, the actual invitation must be for the specific visit. Ard at 572. The fact that a person was a frequent visitor or social guest in the past is insufficient to confer social guest status on the person for a present visit. Id. A host owes an invited social guest the duty to exercise ordinary care not to cause injury to the guest by an act of the host or by activities carried on by the host while the guest is on the premises, and to warn the guest of any dangerous condition of the premises known to the host. Scheibel, paragraph three of the syllabus.
{¶ 33} The evidence construed most favorably to plaintiff shows that the issue of plaintiff's status on the Waltz property on January 16, 1999 is not a disputed issue of material fact, and thus it need not be determined by a jury.
{¶ 34} Although plaintiff asserts in a supporting affidavit that he was a "social guest many times" in the past on the Waltz property (plaintiff's affidavit concerning Kristie Waltz, ¶ 7) and contends that he may have been invited onto the Waltz property as a social guest on January 16, 1999, plaintiff presented no evidence to the trial court that any of the defendants invited plaintiff to enter onto the Waltz property as a social guest on that date. Plaintiff's past status as a social guest does not confer social guest status on plaintiff for his visit on January 16, 1999. Ard at 572. Accordingly, reasonable minds could not find that plaintiff was a social guest on the Waltz property on the day of the incident.
{¶ 35} The evidence construed in plaintiff's favor demonstrates that plaintiff's status at the time he entered onto the Waltz property on January 16, 1999 was, at most, that of a licensee. As a licensee, Katy and Kristie owed plaintiff a duty to refrain from willful, wanton, or reckless conduct likely to injure plaintiff. Id. at 571.
{¶ 36} As to Katy, plaintiff presented no evidence that she had, or breached, any duty to plaintiff as a licensee or otherwise. No evidence demonstrates that she had any intent, purpose, or design to injure plaintiff. Id. Further, no evidence suggests Katy failed to exercise care toward plaintiff under circumstances creating a great probability that harm probably would result. Id. Indeed, the parties do not dispute that Katy was not home when plaintiff entered onto the Waltz property on the day of the incident; nor did she have any knowledge that plaintiff was on, or that he intended to enter onto, the Waltz property on January 16, 1999. Although plaintiff contends Katy failed to warn him that Ryan had emotional problems, plaintiff failed to present any evidence that Katy knew of any such emotional problems. Thus, plaintiff has failed to establish Katy had a duty to warn plaintiff of Ryan's alleged emotional problems.
{¶ 37} As to Kristie, plaintiff asserts she had, and breached, a duty to warn plaintiff of Ryan's violent propensity, or to warn plaintiff that Ryan would mistakenly believe plaintiff's gesture was hostile and would react in self-defense by striking plaintiff. Plaintiff's own evidence establishes that when plaintiff first entered onto the Waltz property, Kristie advised plaintiff that Ryan did not want to see him, but plaintiff nonetheless attempted to see Ryan. Plaintiff failed to present any evidence that Kristie knew or should have known of Ryan's propensity for violence against plaintiff or that Ryan would mistake plaintiff's actions as hostile and react in self-defense. Where no evidence indicated Kristie knew or should have known that there was a great probability that harm would result to plaintiff, the trial court appropriately determined as a matter of law that Kristie complied with any duty she owed to plaintiff, as a licensee, by warning plaintiff Ryan did not welcome him. Id.
{¶ 38} No genuine issue of fact remains to be litigated on the issue of whether Katy or Kristie breached a duty of care to plaintiff. Accordingly, the trial court appropriately granted summary judgment in favor of those defendants on plaintiff's negligence claims. Plaintiff's assignments of error three, four, eight, and nine are overruled.
{¶ 39} Having overruled all of plaintiff's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and GLASSER, JJ., concur.
GLASSER, J., retired, of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.